**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALEJANDRA GRAHAM** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-cv-00606-ALM** |
| | § | |
| **COCONUT LLC** | § | |
| **d/b/a COCONUT ISLAND BAR** | § | |
| **AND GRILL, and AN DINH HO** | § | |
| | § | |
| ***Defendants*** | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS COCONUT LLC d/b/a COCONUT ISLAND BAR AND GRILL, and AN DINH HO**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff moves this Court for default judgment against Defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and in support thereof respectfully shows the Court the following:

## I. INTRODUCTION

Plaintiff was recruited by Defendants to work at Defendants' Coconut Island Bar and Grill Restaurant as a General Manager. Plaintiff worked for Defendants on a "trial period" basis from March 13, 2015 until April 05, 2015. Defendants agreed to pay Plaintiff a salary of $200 per week during this trial period. Defendants further agreed to pay Plaintiff a salary of $750 per week for a workweek consisting of 40 hours beginning on April 06, 2015, when Plaintiff assumed her role as General Manager. During her employment, Plaintiff routinely worked more than forty (40) hours per week and often worked more than sixty hours per week. Defendants never paid any sum whatsoever to Plaintiff for any of her work during her employment, including at least the federal

mandated minimum wage of $7.25 per hour and an overtime rate of one-time-and-a-half her regular rate of pay for each hour worked in excess of forty per workweek.

Plaintiff originally filed her civil action with this court under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the Texas Minimum Wage Act ("TMWA") on August 12, 2016, (Doc. 1) and subsequently filed an amended complaint on August 15, 2016. (Doc. 2)[1] Defendants failed to file an answer to the complaint or the amended complaint or otherwise respond to the complaint or amended complaint.

This motion is based on the accompanying declarations and supporting papers, as well as the pleadings and papers on file in this action, which are incorporated by reference herein. The probative supporting documents attached to this motion include the following exhibits: (A) Declaration of Alejandra Graham; (B) Declaration of Gonzalo Serrano.

## II. <u>ARGUMENT AND AUTHORITIES</u>

### A. <u>Standard of Review</u>

Rule 55(b)(2) grants a district court wide latitude; the entry of default judgment is left to the sound discretion of the trial court. *See, e.g.*, *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Although default judgment should not be employed as a sanction to punish marginal noncompliance with time requirements, a party's complete failure to appear or to defend a lawsuit is proper grounds for default judgment. *See Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997); *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970); *Compass Bank v. Villarreal*, No. L-10-8, 2011 U.S. Dist. LEXIS 48271 *11-16 (S.D.

[1] Plaintiffs also brought claims for breach of contract, but those claims are redundant to their claims for unpaid wages under the FLSA. As a result, the Plaintiffs motion for default judgment only seeks damages under the FLSA.

Tex. May 5, 2011). A defaulting defendant admits every well-pleaded allegation of the plaintiff's complaint. *See, e.g., Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Since the Plaintiff has moved for entry of default against Defendants, the facts alleged by the Plaintiff in her First Amended Complaint are now established as true.

**B. <u>Liability</u>**

**a. <u>FLSA Coverage</u>**

An employee is covered by the FLSA's overtime provisions if he is "employed by an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1) (2015). An "[e]nterprise engaged in commerce" is defined as an enterprise that has: 1) two or more employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and 2) gross annual sales of at least $500,000. 29 U.S.C. 203(s)(1). Since it is practically impossible in the modern world to avoid "handling" or "working on" any good or material that has ever moved in interstate commerce, "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Dole v. Bishop*, 740 F. Supp. 1221, 1226 (S.D. Miss. 1990) (citing *Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 501–02 (5th Cir. 1975)).

Plaintiff's allegations in this action establish that the Defendants' enterprise in which she was employed had two or more employees working on goods moved in interstate commerce and that the business had gross annual sales well over the $500,000 threshold. (Doc. 2, ¶ 12.).

**b. <u>Defendants' Status as Joint Employers</u>**

The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). Given the breadth of the FLSA's definition, "[t]here may be several simultaneous employers of any

individual worker." *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d. 1295, 1303 (N.D. Ga. 2008) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)). "In this event, all joint employers are responsible, both individually and jointly, for compliance with all applicable provisions of the act. . . ." 29 C.F.R. § 791.2(a) (2015). Courts consider the totality of the circumstances of an employment relationship to assess the economic reality and determine whether an individual is an employer under the FLSA. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). The factors that courts consider include whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

Plaintiff's allegations in this action establish that she was simultaneously employed by Defendants Coconut LLC d/b/a Coconut Island Bar and Grill and An Dinh Ho. While the corporate defendants were Plaintiff's formal employer, Defendant An Dinh Ho had the power to hire and fire the Plaintiff, set her rate of pay, set her schedule, determined her working conditions, and maintained her employment records. (Doc. 2, ¶ 20-21.).

**c. <u>Minimum Wage and Overtime Violations</u>**

Plaintiff's allegations in her First Amended Complaint establish that the Defendants violated the FLSA's minimum wage and overtime provisions, 29 U.S.C. §§ 206, 207. Specifically, Plaintiff was not paid any sum whatsoever for any of her work and as result was not paid the required minimum wage and Plaintiff worked more than 40 hours per week, often more than 60 hours per week, but was never paid one-and-one-half times her regular rate for each hour worked over 40 hours per week (Doc. 2, ¶ 15-17).

**C. <u>Plaintiff's Damages</u>**

A party entitled to judgment by default is required to prove the amount of damages that should be awarded. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). If the Court deems proper, such proof may be made by written submission and without an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2) ("[T]he court may conduct such hearings . . . as it deems necessary and proper."). The Court may rely on affidavits and supporting papers as the basis for damages awarded. *See, e.g.*, *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998).

**a. <u>Unpaid Minimum Wages and Overtime Pay</u>**

The total of Plaintiff's unpaid minimum wages and overtime pay is $24,520.92. Plaintiff's testimony regarding dates worked, hours worked per day, and amounts paid during employment is recorded in the Plaintiff's Declaration, attached hereto as Exhibit A and fully incorporated by reference herein. This factual information was utilized to calculate total damages owed in conformity with the damage calculation methodologies explained below.

The minimum wage pay provisions of the FLSA require that employers pay employees $7.25 an hour. 29 U.S.C § 206. The overtime pay provisions of the FLSA require that employers pay employees one-and-one-half times their regular rate of pay for all time worked in excess of forty hours during any given workweek. 29 U.S.C § 207. The regular rate of pay cannot be less than $7.25 per hour. 29 C.F.R. § 778.107. Unpaid overtime owed was determined by multiplying the amount of hours over forty worked in each workweek by 1.5 times the Plaintiffs' regular rate of pay, which is calculated by dividing the salary by the number of hours which the salary is intended to compensate. 29 C.F.R. § 778.113.

The United States Supreme Court has held that because of the employer's legal obligation to maintain complete pay records, where the employer has failed to keep complete pay records,

deference should be given to the employee's reasonable estimate of the hours worked and wages paid. *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687–88 (1946). The employee carries the initial burden of proving the hours worked by providing a reasonable estimate of the amount of work performed and compensation received. *Anderson*, 328 U.S. at 688. The burden then shifts to the employer to show the precise amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687–688. *See also, e.g., Beliz v. McLeod*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181 (5th Cir. 1983), *cert. denied* 104 S.Ct. 160 (1983); *Skipper v. Superior Dairies*, 512 F.2d 409 (5th Cir. 1979). "[I]f an employee makes a credible showing that he has performed work not properly compensated, "the employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of" the Act." *Beliz,* 765 F.2d at 1331 (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680 (1946)).

The employer's compliance and/or violation of the FLSA is determined based on the pay and hours worked for each workweek. 29 C.F.R. § 778.104. To determine whether a wage payment meets the minimum wage requirements of the Act, the actual compensation received by an employee for each workweek should be divided by the total number of hours worked in that same period. *Id.*; *Overnight Motor Transp. Co. v.* Misell, 316 U.S. 572, 58, *reh'g denied*, 317 U.S. 706 (1942) (approving weekly pay divided by hours worked).

**<u>Alejandra Graham</u>**

Ms. Graham worked for the Defendants for approximately 17 weeks. Graham Dec., Ex. A, ¶ 7. She was never paid any sum whatsoever for any of her hours worked *Id.* at ¶ 8. During the first 4 weeks, she agreed to be paid $200 per week because she did not expect to work many hours.

*Id.* at ¶ 4. Only in the first of these four weeks did Plaintiff's $200.00 per week salary result in at least the required minimum wage rate of $7.25 per hour, specifically, $7.69 per hour. However, Plaintiff agrees to calculate her damages for the first week using the minimum wage rate as her hourly wage. Therefore, Plaintiff is owed $188.50 for the 26 hours worked during week one. During week two and week four, she also did not work overtime. However, during these two weeks, her promised weekly rate of $200.00 results in an hourly rate amount below the minimally required $7.25 per hour. Because the regular hourly rate cannot be less than $7.25, that rate will be used to calculate the amount owed to her for weeks two and four. *See* 29 U.S.C. § 206(a)(1)(C); *Fleming v. Knox*, 42 F. Supp. 948, 951 (S.D. Ga. 1941). Specifically, she is owed $261.00 for 33 hours worked during week two and $282.75 for 39 hours worked during week four. During week three Ms. Graham worked a total of 54 hours, including 14 overtime hours. Using again the minimum hourly wage regular rate of $7.25 as her regular hourly rate and the resulting overtime rate of $10.88, she is owed $442.32 for week 3. Ex. A.

For the remaining 13 weeks of her employment with Defendants, Ms. Graham agreed to be paid $750.00 per week for a work week consisting of 40 hours. *Id.* at ¶ 6. Because Ms. Graham is not considered an exempt employee under the FLSA, her regular rate of pay was calculated by dividing the salary by the number of hours which the salary is intended to compensate. 29 C.F.R. § 778.113. This resulted in a regular rate of $18.75 per hour. For 10 of those 13 weeks, Ms. Graham worked in excess of 40 hours per week, resulting in unpaid regular rate and overtime wages as follows:

a) During week 6 she worked 55 total hours and is owed $1,031.25 in regular hourly wages and $140.71 in overtime wages for a total of $1,171.95;

b) During week 7 she worked 81 total hours and is owed $1,518.75 in regular hourly wages and $384.58 in overtime wages for a total of $1,903.33

c) During week 8 she worked 68 total hours and is owed $1,275.00 in regular hourly wages and $264.64 in overtime wages for a total of $1,537.64;

d) During week 9 she worked 95 total hours and is owed $1,781.25 in regular hourly wages and $515.90 in overtime wages for a total of $2,297.15;

e) During week 10 she worked 114 total hours and is owed $2,137.50 in regular hourly wages and $694.12 in overtime wages for a total of $2,831.62;

f) During week 11 she worked 121 total hours and is owed $2,268.75 in regular hourly wages and $759.78 in overtime wages for a total of $3,028.53;

g) During week 12 she worked 121 total hours and is owed $2,268.75 in regular hourly wages and $759.78 in overtime wages for a total of $3,028.53;

h) During week 13 she worked 115 total hours and is owed $2,156.25 in regular hourly wages and $703.50 in overtime wages for a total of $2,859.75;

i) During week 14 she worked 82 total hours and is owed $1,537.50 in regular hourly wages and $393.96 in overtime wages for a total of $1,931.46;

j) During week 17 she worked 68 total hours and is owed $1,275.00 in regular hourly wages and $264.64 in overtime wages for a total of $1,537.64.

During weeks 5, 15, and 16, Ms. Graham did not work in excess of 40 hours and is owed only her regular hourly rate of $18.75 for her hours worked. Specifically, she is owed $450.00 for 24 hours worked during week 5; $675.00 for 36 hours worked during week 15; and $93.75 for 5 hours worked during week 16.

**Summary**

Based on the unpaid wages as described above, Ms. Graham is owed the following amounts:

| | |
|---|---|
| Unpaid Minimum Wages: | $1,123.75 |
| Unpaid Overtime Wages (based on minimum wage) | $50.82 |
| Unpaid Regular Rate Wages (at $18.87 per hour based on $750 per week salary) | $18,468.75 |
| Unpaid Overtime Wages (based on $750 per week salary) | $4,877.60 |
| **TOTAL** | **$24,520.92** |

**b. Liquidated Damages**

An employer found to be in violation of Section 6 or 7 of the FLSA "shall be liable" to the aggrieved employees for unpaid minimum wages and/or overtime compensation and "an additional equal amount as liquidated damages." 29 U.S.C. §216(b) (2015). Liquidated damages are not punitive; they are intended, like prejudgment interest, to compensate employees because they were denied the use of the funds to which they were legally entitled when those funds were actually due. 29 C.F.R. §790.22(a) n. 137 (2015). In the absence of pleading and proof of the affirmative defense of good faith, the award of liquidated damages is mandatory in Section 16 actions by employees for unpaid minimum wage and/or overtime compensation. *See, e.g., McConnell v. Thomson Newspapers, Inc.*, 802 F. Supp. 1484, 1506 (E.D. Tex. 1992); *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1223 (7th Cir. 1995); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir 1991); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) ("Double damages are the norm, single damages the exception. . . .").

The Defendants failed to plead and prove good faith. Therefore, the Plaintiff is entitled to liquidated damages in the amount of her unpaid minimum wages and overtime pay ($24,520.92).

**D. <u>Attorney's Fees and Costs</u>**

The FLSA provides that the court, in an action under the Act, "shall, in addition to any judgment awarded to the Plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and the costs of the action." 29 U.S.C. §216(b) (2015). Recoverable attorney's fees are not limited to those accrued by profit-making attorneys in private practice. Salaried attorneys of nonprofit legal aid organizations are able to recover a reasonable fee based on the market value of their services. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

**a. <u>Plaintiffs' Requested Lodestar</u>**

The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The undersigned counsel for the Plaintiff maintained detailed, contemporaneous records of time spent on each task that was necessary to the successful resolution of this matter. This is summarized in the Statement of Time Expended by Plaintiff's Counsel in Support of Award of Attorney Fees which is attached to the Declaration of Gonzalo Serrano (attached hereto and incorporated by reference as Exhibit "B").

The recorded lodestar includes 31.3 hours at the rate of $275 per hour for attorney Gonzalo Serrano and 3.6 hours at the rate of $335 per hour for attorney Christopher Willett, for a total of $9,813.50. Serrano's testimony regarding his and Willett's, respective credentials and facts setting forth the reasonableness of their requested rates are set forth in the attached Exhibit "B".

The requested rates are in line with the rates that federal courts have found reasonable in this and other districts in Texas. *E.g., Areizaga v. ADW Corp.*, No. 3:14-cv-2899 2016 WL

3406071 [Doc. 94] (N.D. Tex. June 21, 2016) (awarding an hourly rate of $275 to a lawyer licensed in 2013 and $300 to an attorney licensed in 2008); Olibas v. Native Oilfield Servs., LLC, No. 3:11-CV-2388-B, 2015 WL 2165921, at *16 (N.D. Tex. May 8, 2015) (finding rates of $300, $400, and $700 per hour reasonable for younger associates, of counsel, and senior partners, respectively.); Clark v. Centene Corp., No. A-12-CA-174-SS, 2015 WL 6962894 (W.D. Tex. Nov. 10, 2015) (awarding a rate of $425.00 to a lawyer licensed in 2004); *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2010 U.S. Dist. LEXIS 36577, at *9 (S.D. Tex. Jan. 13, 2010) (finding reasonable rates stipulated by parties in FLSA case ranging between $250 and $500).

**b. Costs**

To date, Plaintiff has incurred costs in the amount of $553.30. Specifically, $400 for the initial filing fee, $130 for service of process, and $23.30 for a document production request to the Texas Workforce Commission.

## III. CONCLUSION

WHEREFORE, premises considered, Plaintiffs request that this Motion be granted; that the Court enter judgment by default against Defendants; and that Plaintiffs be awarded a total of $49,041.84 in statutory damages under the FLSA together with reasonable attorney's fees of $9,813.50 and $553.30 in costs; and that judgment bear interest at the judgment rate from the date of entry until paid.

By: EQUAL JUSTICE CENTER

/s/ Gonzalo Serrano
Gonzalo Serrano
Texas Bar No. 24093134
Equal Justice Center
1250 West Mockingbird Lane, Suite 455
Dallas, Texas 75247

Tel: 469-228-4226, ext. 301
Fax: 469-941-0861
Email: gserrano@equaljusticecenter.org
Attorney for Plaintiffs

ATTORNEY FOR PLAINTIFFS

**Certificate of Service**

I, the undersigned attorney of record for Plaintiffs, certify that on February 1, 2017, a true and correct copy of the foregoing document was served via first class mail at the following addresses:

Defendant Coconut LLC d/b/a Coconut Island Bar and Grill.
Registered Agent: Thuan N. Pham
3972 Spinnaker Run Pointe
Little Elm, Texas 75068

Defendant An Dinh Ho
3972 Spinnaker Run Pointe
Little Elm, Texas 75068

/s/ Gonzalo Serrano
Gonzalo Serrano
ATTORNEY FOR PLAINTIFFS