# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| ALEJANDRA GRAHAM | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civil Action No. 4:16-cv-606 |
| | § | Judge Mazzant |
| COCONUT LLC | § | |
| d/b/a COCONUT ISLAND BAR AND | § | |
| GRILL and AN DINH HO | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Alejandra Graham's Motion for Default Judgment (Dkt. #12). The Court, having considered the relevant pleadings, finds the motion is granted in part.

## BACKGROUND

Alejandra Graham claims An Dinh Ho ("Ho") recruited her to become General Manager of Coconut Island Bar and Grill where she worked for seventeen weeks without pay (Dkt. #12 at p. 1). Defendants Coconut LLC and Ho employed Plaintiff from March 13, 2015, to April 05, 2015, on a "trial period" basis for a payment of $200 per week (Dkt. #12 at p. 1). Plaintiff further alleges Defendants agreed to pay $750 per week for a workweek consisting of 40 hours beginning on April 06, 2015 (Dkt. #12 at p. 1). Although Plaintiff alleges she worked beyond 40 hours a week, she claims that she was never given her salary, the mandated minimum wage of $7.25 per hour, nor an overtime rate of one-time-and-a-half for each hour over 40 hours a week (Dkt. #12 at pp. 1–2). On August 12, 2016, Plaintiff filed a complaint with this Court under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the Texas Minimum Wage Act ("TMWA") (Dkt. #2). On August 15, 2016, Plaintiff filed an amended complaint (Dkt. #12). Defendants did not respond to either complaint. On December 23, 2016, the Clerk of the Court entered a default

against Defendants (Dkt. #11). On January 31, 2017, Plaintiff submitted this motion for Default Judgment (Dkt. #12). Defendants did not file a response.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, the clerk may enter default when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Furthermore, Rule 55(b)(2) grants a district court wide latitude and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default does not concede the truth of allegations of the complaint concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 151, 524–25 (5th Cir. 2002).

## ANALYSIS

In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for

judgment exists, and 3) what form of relief, if any, a plaintiff should receive. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998); *Nishimatsu*, 515 F.2d at 1206; *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

The Court must first determine whether a default judgment is procedurally warranted. After reviewing Plaintiff's Motion, the Court determines that default judgment is procedurally warranted because the grounds for default are established and neither substantial prejudice nor good faith mistake are present. The Fifth Circuit in *Lindsey* recognized six factors relevant to the inquiry of whether a default judgment is procedurally warranted:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. First, no material issues of fact are present. As noted in *Nishimatsu*, when a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact. 515 F.2d at 1206. Therefore, no material facts are in dispute. *See Lindsey*, 161 F.3d at 893. Second, Plaintiff has been substantially prejudiced because Defendants have been nonresponsive for a nine-month period and this failure to respond "threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *See id*. Third, the grounds for default are clearly established because Defendants have been unresponsive, and if the failure to respond is "plainly willful, as reflected by [the parties'] failure to respond either to the summons and complaint, the entry of default, or the motion for default" then default judgment is appropriate. *Holladay v. OTA Training, LLC*, 3:14-CV-0519-B, 2015 WL 5916440, at *4 (N.D. Tex. Oct. 8, 2015) (quoting *Cumins Ins. Soc'y, Inc. v. Billups*, 10-1478, 2010 WL 4384228, at *2 (D.D.C Nov. 4, 2010)). Fourth, nothing in the record provides evidence that Defendants' lack of response is due to good faith mistake or

excusable neglect. *See Lindsey*, 161 F.3d at 893. Fifth, the harshness of the default judgment is not great because Plaintiff is only seeking "the relief to which she is entitled under the FLSA." *See Holladay*, 2015 WL 5916440, at *5. Lastly, no facts lead this Court to believe "good cause" is present to set aside the default. *See Lindsey*, 161 F.3d at 893. Therefore, the Court determines that default judgment is procedurally warranted.

After establishing that default judgment is procedurally warranted, the Court must determine if a sufficient basis for the pleadings is present. Although defendants are deemed to have admitted the allegations set forth in a plaintiff's complaint in light of an entry of default, the Court must review the pleadings to determine whether the complaint presents a sufficient basis for relief. *Nishimatsu*, 515 F.2d at 1206. The Fifth Circuit looks to Rule 8 case law for guidance in determining whether a complaint is sufficient. *Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 (a)(2) requires a pleading to contain "a short and plain statement showing pleader is entitled to relief." *Id.* The purpose of this requirement is to give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Detailed factual allegations are not required, but the pleading must be more than an "unadorned, the defendant-unlawfully-harmed me accusation." *Id* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court finds a sufficient basis for the pleadings because Plaintiff has adequately alleged that she was an employee engaged in commerce or the production of goods for commerce and that Defendants were her employers within the meaning of the FLSA. An employee is covered by the FLSA if she is "employed by an enterprise engaged in commerce or in the production of goods for

commerce." 29 U.S.C. § 207(a)(1) (2017). The FLSA defines an enterprise engaged in commerce as a company that: 1) has two or more employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and 2) has gross annual sales of at least $500,000. 29 U.S.C. 203(s)(1) (2017).

Additionally, the FLSA defines an "employer" broadly to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d) (2017). The Fifth Circuit has adopted an "economic reality" test to evaluate whether an employee/employer relationship exists. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Under this test, the Court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id* at 355. Each individual or entity alleged to be an employer must satisfy the four-part test, however, not all elements need be present. *Id* at 355, 357.

Plaintiff has pleaded facts to establish that she was an employee of an enterprise engaged in commerce or in the production of goods for commerce with an annual gross volume of sales or business done in excess of $500,000 as required by the FLSA (Dkt. #2 ¶10). As an enterprise, Defendants had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (Dkt. #2 ¶10). Specifically, Plaintiff handled goods or materials that had been moved in or produced for commerce by serving utensils and foodstuffs, cleaning supplies, etc. (Dkt. #2 ¶11). Plaintiff expressly pleaded that Defendants had an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level. (Dkt. #2 ¶12). Furthermore, Plaintiff alleged that Defendants controlled and supervised the work performed by her at all times and Ho had the power to establish

company pay practices, to modify employment conditions, and to hire and fire employees (Dkt. #2 ¶¶14, 20). Due to Defendants' lack of answer or response, Plaintiff's allegations are held as true; consequently, the Court finds a sufficient basis for default judgment in the Plaintiff's pleadings because the Plaintiff adequately pleaded she was an employee and Defendants were employers under the requirements of the FLSA. *See Nishimatsu,* 515 F.2d at 1206. The Court finds Plaintiff is entitled to default judgment on liability because the pleadings establish that Defendants did not pay Plaintiff a minimum wage during the initial "trial period" of her employment.[1]

Although the Court takes the pleadings of a plaintiff as true when there is an entry of default, this does not include damages and a party entitled to judgment by default is required to prove the appropriate amount of damages. *Jackson*, 302 F.3d at 524-25; *Oberstar v. F.D.I.C.*, 987 F.2d 494, n. 9 (8th Cir. 1993) (citing Fed. R. Civ. P. 55(b)(2)). If the Court deems proper, parties may prove damages by written submission and without an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). An evidentiary hearing is not required if the Court can mathematically calculate damages by reference to the pleadings and supporting documents. *James*, 6 F.3d at 310.

Here, Plaintiff has provided documentation of hours worked for each workweek during her employment (Dkt. #12, Exhibit A). But Graham did not sign the affidavit. Therefore, the Court cannot consider Plaintiff's appraisal of damages for unpaid wages. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (requiring "a hearing or a demonstration by detailed affidavits establishing the necessary facts"). The Court recognizes that attorneys' fees and costs are recoverable under the FLSA, but will reserve its judgment to allow counsel to supplement their affidavit to reflect any additional fees generated in petitioning the Court for Plaintiff's damages award. 29 U.S.C. § 216(b) (2017).

---

[1] The Court reserves its judgment regarding whether Plaintiff is entitled to overtime, but notes that Plaintiff's assertion that she "is not considered an exempt employee under the FSLA," is conclusory and unsupported. (Dkt. #12 at p. 7).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt #12) is hereby **GRANTED IN PART**. Plaintiff is entitled to a default judgment on liability, but the Court cannot award damages under the FLSA at this time. Plaintiff may petition the Court for an evidentiary hearing or leave to file additional pleadings to support her claim for damages.

**SIGNED this 15th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE