# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALEJANDRA GRAHAM | § § | |
| v. | § § | Civil Action No. 4:16-CV-00606 |
| | § | Judge Mazzant |
| COCONUT LLC d/b/a COCONUT ISLAND BAR AND GRILL, and AN DINH HO | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Alejandra Graham's Motion for Default Judgment (Dkt. #12). Having considered the relevant pleadings and Plaintiff's supplemental briefing on damages (Dkt. #21), the Court finds the motion is granted.

This is case involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the Texas Minimum Wage Act ("TMWA") (Dkt. #2). Plaintiff Alejandra Graham claims An Dinh Ho ("Ho") recruited her to become General Manager of Coconut Island Bar and Grill where she worked for seventeen weeks without pay (Dkt. #12 at p. 1). Defendants Coconut LLC and Ho employed Plaintiff from March 13, 2015, to April 05, 2015, on a "trial period" basis for a payment of $200 per week (Dkt. #12 at p. 1). Plaintiff further alleges Defendants agreed to pay $750 per week for a workweek consisting of 40 hours beginning on April 06, 2015 (Dkt. #12 at p. 1). Although Plaintiff alleges she worked beyond 40 hours a week, she claims that she was never given her salary, the mandated minimum wage of $7.25 per hour, nor an overtime rate of one-time-and-a-half for each hour over 40 hours a week (Dkt. #12 at pp. 1–2).

On August 12, 2016, Plaintiff Alejandra Graham filed a complaint with this Court under the FLSA and the TMWA (Dkt. #1). On August 15, 2016, Plaintiff filed an amended complaint (Dkt. #2). Defendants did not respond to either complaint. On December 23, 2016, the Clerk of

the Court entered a default against Defendants (Dkt. #11). On January 31, 2017, Plaintiff submitted this motion for Default Judgment (Dkt. #12). Defendants did not file a response. On June 15, 2017, the Court issued a Memorandum Opinion and Order granting default judgment on liability, but required Plaintiff to submit additional briefing to support her claim for damages (Dkt. #16). On January 25, 2018, Plaintiff filed a Supplemental Brief in Support of Plaintiff's Motion for Default Judgment (Dkt. #21).

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Rule 55(b)(2) grants a district court wide latitude and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default does not concede the truth of allegations of the complaint concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 151, 524–25 (5th Cir. 2002).

Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (internal citations omitted).

After the Clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other manner. FED. R. CIV. P. 55(b)(2). A hearing is not necessary if damages can be determined on the papers. *See* FED. R. CIV. P. 55(b)(2). Defendants failed to file a responsive pleading, the clerk entered a default against Defendants.

The Court finds as follows:

1. The Court has jurisdiction over the parties and subject matter, and venue is proper in this Court.

2. The Summons and Complaint were served on Defendants.

3. Defendants failed to answer or otherwise defend, as provided by the Federal Rules of Civil Procedure, following proper service.

4. Default against Defendants was duly entered by the Clerk of this Court.

5. Plaintiff's Motion for Default Judgment was served on Defendants by mail.

6. The time permitted to file an Answer pursuant to FED. R. CIV. P. 12(a)(1)(A) has expired and therefore Defendants are deemed to have admitted by default all the factual allegations in Plaintiff's Complaint. FED. R. CIV. P. 8(b)(6).

7. Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that Defendants violated the FLSA.

8. The allegations in Plaintiff's Complaint are deemed admitted against Defendants.

The Court further finds as follows:

1. That Judgment by default be entered in favor of Plaintiff and against Defendants.

2. That Plaintiff recover wages damages of twenty-three thousand seven hundred seventy-three dollars, forty-two cents ($23,773.42). *See* 29 U.S.C. § 207(a)(1); 29 U.S.C. § 206(a)(1)(C).

3. That Plaintiff recover liquidated damages of twenty-three thousand seven hundred seventy-three dollars, forty-two cents ($23,773.42). *See* 29 U.S.C. § 216(b).

4. That Plaintiff recover her attorney's fees from Defendants in the amount of fourteen thousand six hundred seventy-three dollars ($14,673.00). *See* 29 U.S.C. § 216(b).

5. That the Court award Plaintiff reasonable court costs of five hundred thirty-three dollars, thirty cents ($533.30).

6. The Clerk is Ordered to serve this Order on Defendants at the following address:

Defendant Coconut LLC d/b/a Coconut Island Bar and Grill.
Registered Agent: Thuan N. Pham
3972 Spinnaker Run Pointe
Little Elm, Texas 75068

Defendant An Dinh Ho

3972 Spinnaker Run Pointe

Little Elm, Texas 75068

**IT IS SO ORDERED**.

**SIGNED this 24th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE